**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DANIEL MARION,**

      **Petitioner,**

**v.**                              **Case No.  4:14cv207-MW/CAS**

**JULIE L. JONES, Secretary,
Department of Corrections,[1]**

      **Respondent.**
_____/

## REPORT AND RECOMMENDATION TO DENY § 2254 PETITION

On April 24, 2014, Petitioner, an inmate of the Florida Department of Corrections, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1.  Pursuant to orders directing amendment, Petitioner filed his Third Amended Petition with memorandum on December 1, 2014, by the mailbox rule.  ECF Nos. 14, 15.  On December 8, 2014, the Respondent was directed to file an answer, motion, or other response.  ECF No. 16.  Respondent's answer, with exhibits, was filed on June 8, 2015.  ECF Nos. 22, 23.  Petitioner filed a reply on July 8,

---

[1] The Clerk of Court shall substitute Julie L. Jones, as Secretary of the Florida Department of Corrections, for Michael D. Crews.  Julie L. Jones became Secretary on January 5, 2015, and shall be automatically substituted pursuant to Federal Rule of Civil Procedure 25(d).

2015, with memorandum of law.  ECF No. 25.  Petitioner filed a

supplemental affidavit on September 6, 2016, ECF No. 26, and a second

supplemental affidavit on October 19, 2016.  ECF No. 28.[2]

The matter was referred to the undersigned United States Magistrate

Judge for report and recommendation pursuant to 28 U.S.C. § 636 and

Northern District of Florida Local Rule 72.2(B).  After careful consideration

of all the issues raised, the undersigned has determined that no evidentiary

hearing is required for disposition of this case.  *See* Rule 8(a), R. Gov.

§ 2254 Cases in U.S. Dist. Cts.  For the reasons set forth herein, the

pleadings and attachments before the Court show that Petitioner is not

entitled to federal habeas relief and this § 2254 petition should be denied.

## Background and Procedural History

### Plea Agreements, Sentence, and Probation Revocation Proceedings

By information filed on October 27, 2003, in case number 03-0426CF,

in the circuit court of the Second Judicial Circuit, Wakulla County, Florida,

Petitioner was charged with Count I, possession of a firearm by a convicted

---

[2] Petitioner previously filed a 28 U.S.C. § 2254 petition in case number 4:12cv254-SPM/CAS, which was dismissed without prejudice in an order entered on February 20, 2013.  Petitioner also filed a separate § 2254 petition in this Court which was erroneously docketed as a new case, Marion v. Crews, case no. 4:14cv539-RH/CAS. The Court ordered that those claims be docketed in this case and 4:14cv539-RH/CAS was closed on November 4, 2014.  The Court ordered that a third amended petition be filed in this proceeding incorporating all claims Petitioner seeks to bring.  *See* ECF No. 14.

felon in violation of section 790.23(1)(a), Florida Statutes; Count II,

possession of cannabis in violation of section 893.13(6)(b), Florida

Statutes; and Count III, possession with intent to use drug paraphernalia, in

violation of section 893.147(1), Florida Statutes, all occurring on or about

October 10, 2003.  Ex. A at 11.[3]  On October 27, 2003, the State filed a

motion to declare Petitioner to be a habitual violent felony offender

pursuant to section 775.084, Florida Statutes.  Ex. B.  Petitioner

subsequently entered a negotiated plea to each of the charges, and

judgment and sentence was entered on May 11, 2005.  Ex. C at 49.

Petitioner was sentenced to one year and one day in the Department of

Corrections as to Count I.  He was sentenced to time served as to Counts II

and III, with credit given for time served in the county jail.  He was also

placed on probation for three and one half years following incarceration.

Ex. C at 50, 63.

On June 2, 2008, as a result of a May 22, 2008, search disclosing

two firearms in a safe located in Petitioner's home, a violation of probation

report was filed alleging that Petitioner violated two conditions of probation

by possessing a firearm, and by a new arrest in Volusia County for being in

---

[3] Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits A through XXX filed by Respondent in conjunction with the answer.  *See* ECF No. 23.

possession of a firearm by a convicted felon.  Ex. D.  A hearing was held on September 10, 2008, Ex. E, at which the circuit court found by the greater weight of the evidence that the defendant violated conditions four and five of the conditions of probation.  Ex. E at 124.  The court announced that Petitioner was sentenced to fifteen years in prison in case number 03-0426CF, and Petitioner was committed to the Department of Corrections.  Ex. E at 131.  An order of revocation was entered on September 10, 2008.  Ex. F at 114.

Petitioner appealed the revocation of his probation to the state First District Court of Appeal and filed an initial brief in case number 1D08-4633 alleging that the revocation was not supported by a preponderance of the evidence and was an abuse of discretion.  Ex. G.  The State filed an answer brief, Ex. H, and the appellate court affirmed per curiam without opinion, in a consolidated decision with the appeal from a related case as explained below, on November 12, 2009.  Ex. I, V.  *See* Marion v. State, 23 So. 3d 113 (Fla. 1st DCA 2009) (table).  The mandate was issued on December 1, 2009, Ex. J, W, and Petitioner did not seek review in the Florida Supreme Court or the United States Supreme Court.

In a related case, Petitioner was charged on October 27, 2003, in case number 03-0427CF, in the circuit court of Wakulla County with Count

I, aggravated assault with a deadly weapon in violation of section

784.021(1)(a), Florida Statutes; Count II, battery in violation of section

784.03(1)(a)1, Florida Statute; and Count III, possession of cannabis in

violation of section 893.13(6)(a), Florida Statutes, all also occurring on

October 10, 2003.  Ex. K.  The State filed a motion to declare Petitioner to

be a habitual violent felony offender in this case.  Ex. L.  Petitioner entered

a negotiated plea to each of these charges and was sentenced to one year

and one day in prison on Count I, and time served on Counts II and III.  Ex.

M.  His sentence was concurrent to the sentence imposed in case number

03-0426CF.  Ex. M at 23.  Petitioner was placed on the same three and

one half years of probation as he received after entering his plea in case

number 03-0426CF.  Ex. M.

The June 2, 2008, violation of probation report also alleged violation

of conditions 4 and 5 of his probation relative to case number 03-0427CF

by possession of a firearm and for being arrested for possession of a

firearm by a convicted felon.  Ex. N.  The probation violation relative to this

case was heard in the same September 10, 2008, hearing in which the

court heard the violations relative to case number 03-0426CF.  Ex. O.[4]  At

---

[4] The state court record contains the identical hearing transcript twice, but each is
designated by the separate case numbers.

the conclusion of the hearing, the court announced that it found Petitioner in violation of probation in this case and announced a sentence of five years in prison in case number 03-0427CF to run consecutively to the sentence in case number 03-0426CF.  An order revoking Petitioner's probation was entered on September 10, 2008.  Ex. P at 64.  Petitioner was sentenced to five years in prison consecutive to the sentence in case number 03-0426CF.  Ex. P at 53.

In a separate appeal to the state First District Court of Appeal, in case number 1D09-4631, Petitioner appealed the revocation and sentence in case number 03-0427CF and filed an initial brief.  Ex. Q.  The State filed an answer brief, Ex. R, and the Petitioner filed a reply brief.  Ex. S.  The State also filed a motion to consolidate this appeal with the appeal from the revocation of probation in circuit court case number 03-0426CF.  Ex. T. The First District Court of Appeal granted the motion to consolidate, Ex. U, and per curiam affirmed the revocation of probation in both cases on November 12, 2009, in a consolidated decision.  Ex. V.  *See* Marion v. State, 23 So. 3d 113 (Fla. 1st DCA 2009) (table).  The mandate was issued on December 1, 2009.  Ex. W.

## Post-conviction Proceedings

On December 29, 2009, Petitioner filed a motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850 raising four claims for relief.[5]  Ex. FF.  Before this motion was ruled on, Petitioner filed a second Rule 3.850 motion on March 10, 2010, raising twelve claims for relief.  Ex. JJ.  The motion was amended by notation order on July 8, 2010, to add case citation and discussion.  Ex. MM.  No evidentiary hearing was conducted.  The first and second Rule 3.850 motions were denied by orders rendered August 24, 2010.  Ex. GG, OO.  Petitioner filed a motion for rehearing of the denial of the amended second Rule 3.850 motion, Ex. PP, which was denied on September 22, 2010.  Ex. QQ.

Petitioner appealed the denial of post-conviction relief to the state First District Court of Appeal and filed an initial brief in case number 1D10-5243 on September 19, 2011.  Ex. RR.  The state did not file a brief and, on January 31, 2012, the appellate court affirmed per curiam without opinion.  Ex. TT.  The mandate was issued on February 28, 2012, Ex. UU,

---

[5] Prior to filing the Rule 3.850 motion, Petitioner filed two motions under Florida Rule of Criminal Procedure 3.800.  Ex. X (treated as motion to correct sentence) and Ex. Z (motion to mitigate sentence).  Both motions were denied.  Ex. Y, AA.  The record does not show that appeals were filed or perfected as to the denial of these motions.

and Petitioner's motion to recall the mandate was denied on April 17, 2012. Ex. VV.  *See* <u>Marion v. State</u>, 80 So. 3d 1025 (Fla. 1st DCA 2012) (table).

During the time between Petitioner's filing of his first Rule 3.850 motion and his amended second Rule 3.850 motion, he filed a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(b) on February 10, 2010.  Ex. HH.  The motion was denied by order entered on August 24, 2010.  Ex. II.  The record is not clear whether an appeal was filed from this denial or if an appeal from this denial was perfected.[6]

On August 30, 2010, Petitioner filed a "Motion to Correct Illegal Sentence Credit for Time Served and Single Criminal Episode."  Ex. WW. The motion was denied by order entered January 3, 2012.  Ex. ZZ.  The record does not reflect that an order was entered on Petitioner's motion for rehearing, Ex. AAA, or that an appeal was filed.

### State Petitions for Writs of Habeas Corpus

On August 30, 2011, Petitioner filed a petition for writ of habeas corpus, titled "Complaint for Writ of Habeas Corpus," in the circuit court of Wakulla County, Florida, in case number 2011-253-CA.  Ex. BBB.  In that complaint, he raised four claims—two challenging the revocation of

---

[6] The docket of the First District Court of Appeal reflects that in September 2010, Petitioner filed appeals in case numbers 1D10-5231, 1D10-5235, and 1D10-5238. According to the docket, each was dismissed for technical reasons.

probation, one challenging the search of his residence, and one alleging that favorable evidence was withheld.  On February 6, 2014, the circuit court dismissed the petition for writ of habeas corpus without prejudice to Petitioner to seek appropriate relief in the sentencing court.  Ex. CCC.  The court stated that claims attacking the validity of the trial and sentencing procedures are properly raised in a Rule 3.850 motion and that a petition for a writ of habeas corpus may not be used to circumvent the time limitations for filing a Rule 3.850 motion.  The court also noted that Petitioner was no longer detained in Wakulla County and the circuit court in that county had no jurisdiction.  Ex. CCC at 22.  Petitioner appealed and the state First District Court of Appeal affirmed in case number 1D14-1048, without opinion, on July 22, 2014.  Ex. FFF.  Petitioner's motion for rehearing was denied, Ex. GGG, and the mandate was issued on September 16, 2014.  Ex. III.  *See* Marion v. State, 146 So. 3d 1176 (Fla. 1st DCA 2014) (table).  Petitioner's petition for writ of certiorari to the Florida Supreme Court was treated as a petition for writ of habeas corpus and denied as facially insufficient.  Ex. KKK.

On March 22, 2012, before the complaint for writ of habeas corpus was ruled on, Petitioner filed a "Petition to Amend Habeas Corpus" under his original criminal case numbers 03-0426CF and 03-0427CF, seeking to

amend the complaint for writ of habeas corpus that he had filed on August 30, 2011, in a separate case number in the circuit court of Wakulla County, Florida.  Ex. LLL.  The amended petition raised seven grounds, including the claim that the trial court abused its discretion in disregarding the filing of a "No Information" as to the Volusia County charge of possession of a firearm by a convicted felon.  Ex. LLL (Amended Petition at 2).  The circuit court denied the petition in an order rendered June 25, 2013, in which it treated the petition as a successive motion for post-conviction relief under Rule 3.850.  Ex. MMM.  The court found the claims untimely, procedurally barred, and not meeting any of the exceptions available for filing an untimely motion.  Ex. MMM.

Before the court ruled on either of his habeas petitions, Petitioner on April 26, 2012, filed a "3.850 for Post Conviction Relief as an Independent Action under F.R.C.P. 1.540(B)."  Ex. PPP.  This motion was filed in the circuit court of Wakulla County under his two criminal case numbers 03-0426CF and 03-0427CF, and claimed that the sentencing court lacked jurisdiction due to a void judgment arising from fraud on the court, based on alleged defects in the violation of probation affidavit.  Ex. PPP.  The circuit court in Wakulla County denied the April 26, 2012, motion on June 25,

2013, finding that the alleged defects in the affidavit were technical in nature and did not deprive the court of jurisdiction.  Ex. QQQ.

Petitioner filed a notice of appeal on July 10, 2013, by the mailbox rule noting that the appeal was from both the denial of habeas corpus and the denial of the Rule 3.850 motion for post-conviction relief as an independent action.  Ex. NNN.  An amended notice of appeal was filed on August 19, 2013, indicating that the appeal was from the denial of Rule 3.850 relief as an independent action.[7]  Ex. OOO.  On January 13, 2014, the First District Court of Appeal affirmed per curiam without opinion in case number 1D13-3736.  Ex. RRR.  Petitioner's motion for rehearing, Ex. SSS, was denied on February 17, 2014, Ex. TTT, and the mandate was issued on March 5, 2014.  Ex. UUU.  *See* Marion v. State, 132 So. 3d 227 (Fla. 1st DCA 2014) (table).

## 28 U.S.C. § 2254 Claims

As indicated above, on April 24, 2014, Marion filed his first petition pursuant to 28 U.S.C. § 2254,[8] and on December 1, 2014, he filed his third

---

[7] No brief in case number 1D3-3736 appears in the record and the district court docket does not show the filing of a brief. Thus, the record is not clear what order or orders were appealed.

[8] After Petitioner filed his 28 U.S.C. §2254 petition in this Court, he filed a "Petition for 3.800(a) – Jail Credit and Single Criminal Episode Act" in the circuit court of Wakulla County on September 22, 2014.  Ex. VVV.  This petition was denied by the circuit court of Wakulla County on November 20, 2014, on the merits.  Ex. WWW.  The record before the Court does not reflect that any appeal was taken from this denial.  On

amended petition for writ of habeas corpus in this Court pursuant to 28

U.S.C. § 2254 raising four grounds for relief:

> (1) A fundamental miscarriage of justice occurred because the State withheld evidence favorable to the accused which coerced Petitioner into a plea of one year and one day in prison followed by three and one half years of probation.  Had the State not withheld the alleged victim's affidavit/request for non-prosecution dated November 26, 2003, proving Petitioner's actual innocence of the charges, Petitioner would not have been forced to enter an involuntary plea and subsequent false imprisonment.  ECF No. 15 at 6.

> (2) The trial court disregarded the dismissal of the charge of possession of a firearm by a convicted felon as a matter of law (Volusia County charge) which subsequently formed the basis for revoking Petitioner's probation; By dismissing Petitioner's state habeas corpus by stating "The court is without jurisdiction to review the legality of a conviction in another circuit," whereas the trial court was the sentencing court, Petitioner does not have a conviction in another circuit.  ECF No. 15 at 7.

> (3) Law enforcement helped conduct a warrantless search of residence.  It was not a proper administrative search which turned into an investigatory search.  The safe was opened without a warrant, or consent for said safe, making the fruits thereof unlawful and seized illegally.  ECF No. 15 at 9.

> (4) Trial counsel was ineffective (A) by allowing photographs to be introduced that were not part of Petitioner's discovery; (B) by allowing photographs of illegal search and seizure of firearms located from the locked safe without a warrant or consent; (C) by failing to object to the prosecutor's inflammatory remarks; and (D) by failing to bring forth the malicious and biased intent where the probation officer went

---

February 5, 2015, Petitioner filed a motion pursuant to Florida Rule of Criminal Procedure 3.800(b) to correct illegal sentence, Ex. XXX, but no ruling appears of record.

after one individual and not the other one in the photograph used, where both were on probation.  ECF No. 15 at 10.

## Analysis

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant habeas corpus relief for persons in state custody.  Section 2254(d) provides in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  *See, e.g.,* Cullen v. Pinholster, 563 U.S. 170, 181 (2011); Gill v. Mecusker, 633 F.3d 1272, 1287 (11th Cir. 2011).  "This is a 'difficult to meet' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'"  Cullen, 563 U.S. at 181 (quoting Harrington v. Richter, 162 U.S. 86, 102 (2011), and Woodford v. Visciotti, 537 U.S. 19, 24 (2002)).  The Supreme Court has explained that "even a strong case for relief does

not mean the state court's contrary conclusion was unreasonable." <u>Richter</u>,

562 U.S. at102.  The Court stated:

> As amended by AEDPA, § 2254(d) stops short of imposing a
> complete bar on federal-court relitigation of claims already
> rejected in state proceedings. . . . It preserves authority to issue
> the writ in cases where there is no possibility fairminded jurists
> could disagree that the state court's decision conflicts with this
> Court's precedents. It goes no further.  Section 2254(d) reflects
> the view that habeas corpus is a "guard against extreme
> malfunctions in the state criminal justice systems," not a
> substitute for ordinary error correction through appeal.  *Jackson
> v. Virginia,* 443 U.S. 307, 332, n.5 (1979) (Stevens, J.,
> concurring in judgment).  As a condition for obtaining habeas
> corpus from a federal court, a state prisoner must show that the
> state court's ruling on the claim being presented in federal court
> was so lacking in justification that there was an error well
> understood and comprehended in existing law beyond any
> possibility for fairminded disagreement.

<u>Richter</u>, 562 U.S. 86, 102-03 (citation omitted).

"Before a federal court may grant habeas relief to a state prisoner,

the prisoner must exhaust his remedies in state court." <u>O'Sullivan v.

Boerckel</u>, 526 U.S. 838, 842 (1999); Title 28 U.S.C. § 2254(b).  In order for

remedies to be exhausted, "the petitioner must have given the state courts

a 'meaningful opportunity' to address his federal claim." <u>Preston v.

Secretary, Florida Dep't of Corr.</u>, 785 F.3d 449, 457 (11th Cir. 2015)

(quoting <u>McNair v. Campbell</u>, 416 F.3d 1291, 1302 (11th Cir. 2005)).  The

Petitioner must have apprised the state court of the federal constitutional

claim, not just the underlying facts of the claim or a "somewhat similar

state-law claim." Snowden v. Singletary, 135 F.3d 732, 735 (11th Cir. 1998) (quoting Anderson v. Harless, 459 U.S. 4, 5-6 (1982)).  The State must have been provided the " 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275 (1971) (citation omitted)).  Petitioner must "fairly present" his claim in each appropriate state court in order to alert the state courts to the federal nature of the claim.  Duncan, 513 U.S. at 365-66; O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Picard, 404 U.S. at 277-78.  "This rule of comity reduces friction between the state and federal court systems by avoiding the 'unseem[liness]' of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." O'Sullivan, 526 U.S. at 845.

Where a claim is unexhausted and, thus, procedurally defaulted, in order to obtain review, the Petitioner must show cause for the default and prejudice resulting therefrom or a fundamental miscarriage of justice. Tower v. Phillips, 7 F.3d 206, 210 (11th Cir. 1993).  In order to demonstrate cause, Petitioner must show that "an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim."

McCleskey v. Zant, 499 U.S. 467, 497 (1991) (quoting Murray v. Carrier,

477 U.S. 478, 488 (1986)).  A federal court may grant a habeas petition on

a procedurally defaulted claim without a showing of cause or prejudice to

correct a fundamental miscarriage of justice.  Henderson v. Campbell, 353

F.3d 880, 892 (11th Cir. 2003) (citing Murray, 477 U.S. at 495-96).  In order

to satisfy the miscarriage of justice exception, the Petitioner must show that

"a constitutional violation has probably resulted in the conviction of one who

is actually innocent."  Schlup v. Delo, 513 U.S. 298, 327 (1995).

This Court's review "is limited to the record that was before the state

court that adjudicated the claim on the merits."  Cullen, 563 U.S. at 181.

The state court's factual findings are entitled to a presumption of

correctness and to rebut the presumption, the Petitioner must show by

clear and convincing evidence that the state court determinations are not

fairly supported by the record.  *See* 28 U.S.C. § 2254(e)(1).

For claims of ineffective assistance of counsel, the United States

Supreme Court has adopted a two-part test:

> First, the defendant must show that counsel's performance was
> deficient.  This requires showing that counsel made errors so
> serious that counsel was not functioning as the "counsel"
> guaranteed the defendant by the Sixth Amendment.  Second,
> the defendant must show that the deficient performance
> prejudiced the defense.  This requires showing that counsel's
> errors were so serious as to deprive the defendant of a fair trial,
> a trial whose result is reliable.

Strickland v. Washington, 466 U.S. 668, 687 (1984).  To demonstrate deficient performance, a "defendant must show that counsel's performance fell below an objective standard of reasonableness."  *Id.* at 688.  To demonstrate prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.*  For this Court's purposes, "[t]he question 'is not whether a federal court believes the state court's determination' under the Strickland standard 'was incorrect but whether that determination was unreasonable—a substantially higher threshold.' "  Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) (quoting Schriro v. Landrigan, 550 U.S. 465, 473 (2007)).  "And, because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard."  Knowles, 556 U.S. at 123.  It is a "doubly deferential judicial review that applies to a Strickland claim evaluated under the § 2254(d)(1) standard."  *Id.*

### **Ground 1: Plea Involuntary due to Withheld Evidence**

In Petitioner's first claim, he contends that his plea resulting in incarceration and probation, which was subsequently revoked, was

coerced and involuntary because the State withheld an affidavit by the alleged victim of the aggravated assault stating Petitioner did not point a gun at her and requesting that Petitioner not be prosecuted.  The Respondent contends that this claim is unexhausted and procedurally barred because it was not raised in a properly-filed motion for post-conviction relief and was not adjudicated on the merits, but was disposed of on state procedural grounds—and that Petitioner has not shown the existence of an exception to excuse the state procedural default.  Petitioner contends that he should be excused from the default because manifest injustice occurred when he was convicted and sentenced for a crime for which he was actually innocent.

In case number 03-0426CF, Petitioner was originally charged with possession on October 10, 2003, of a firearm by a convicted felon, possession of cannabis, and possession of paraphernalia.  Ex. A.  In case number 03-0427CF, he was charged with aggravated assault on Melissa A, Keene with a deadly weapon, battery on Melissa A. Keene, and possession of cannabis occurring on October 10, 2003.  Ex. K.  In both cases the State filed motions to declare Petitioner a habitual violent felony offender, and in both cases Petitioner entered a negotiated plea.  The transcript of the plea colloquy does not appear in the state court record, but the plea forms for

each case show that the pleas were entered on the same day and the

judgments and sentences were entered on that day, May 11, 2005.  Ex. C

at 50; Ex. M at 7.  The plea forms indicate that Petitioner acknowledged

that he understood the charges against him, that he was aware of the

minimum and maximum penalties, that his lawyer had informed him of the

facts that the State would have to prove at trial, and his lawyer had

discussed possible defenses.  Ex. C at 50; Ex. M at 7.

The state record does not contain a transcript setting forth the facts

underlying the alleged offenses to which Petitioner entered a negotiated

plea.  Because only case number 03-0427CF alleged the existence of a

victim, it is assumed that he refers in this claim to an affidavit or request by

Melissa A. Keene that he not be prosecuted, and a copy of an affidavit by

Melissa Keene appears in the record.  *See* Ex. X.  The affidavit, dated

November 26, 2003, appears in the record adjacent to Petitioner's motion

for supersedeas bond filed in May 2009, although the record is not clear

whether this affidavit was an attachment to the motion.  Ex. X.  In it,

Melissa Keene states that Petitioner did not point a gun at her and that the

argument was blown out of proportion.  Ex. X (affidavit dated November 26,

2003).  Nothing in the record indicates when Petitioner learned of the

affidavit or whether he or his counsel had a copy of the affidavit at the time

of the original plea.

Although the chain of events documented in the record is complicated

by the numerous and sometimes overlapping filing of different motions and

petitions, the record does show that the claim raised in Ground 1 was not

presented to the circuit court in a properly filed motion for post-conviction

relief as required by Florida law.  This claim concerning the Keene affidavit

was not raised in the first motion Petitioner filed under Rule 3.850 in

December 2009, Ex. FF, nor was it raised in the second Rule 3.850 motion

filed in 2010.  Ex. JJ.  Both motions were denied by orders entered August

24, 2010, Ex. GG, OO, and the state First District Court of Appeal affirmed.

The claim was first raised in a petition for writ of habeas corpus filed

as a new case in the circuit court of Wakulla County in 2011, Ex. BBB at

13, where the court dismissed the petition without prejudice to being filed in

the proper form in the proper court.  Ex. CCC.  The circuit court order

stated that "an application for habeas corpus 'may not be used to

circumvent the time limitations for filing an appropriate motion for

postconviction relief.' "  Ex. CCC.  The circuit court also noted that

Petitioner was not detained in Wakulla County and that the court was

without jurisdiction to hear the petition for writ of habeas corpus.[9]  Ex. CCC
at 2.  This order of dismissal, dated February 6, 2014, was affirmed by the
state First District Court of Appeal on July 22, 2014.  Ex. FFF.

Before the order was entered dismissing his petition for writ of
habeas corpus, Petitioner raised this same claim again in a "Petition to
Amend Habeas Corpus" which he filed on March 22, 2012, in his criminal
cases in Wakulla County, and in which he alleged that he sought to amend
the petition he had filed on August 30, 2011.  Ex. LLL (Ground 4).  The
circuit court treated the "Petition to Amend Habeas Corpus" as a
successive Rule 3.850 motion and denied it on June 25, 2012, as untimely
and procedurally barred under state law, and lacking any exception to
excuse the bar.  Ex. MMM.  Although Petitioner filed a notice of appeal
identifying this order, Ex. NNN, he filed an amended notice of appeal, Ex.
OOO, which appears to indicate he was appealing only an order denying a
separately filed motion titled "Petitioners' 3.850 for Post Conviction Relief
as an Independent Action Under F.R.C.P. 1.540(B)," Ex. PPP, and not the

---

[9] Petitioner points out that the circuit court also stated that the court was without
jurisdiction to review the legality of a conviction in another circuit, but this circuit was the
circuit in which Petitioner was convicted.  This statement is surplusage considering the
conclusion of the court that it lacked jurisdiction to determine a habeas petition because
Petitioner was not incarcerated in Wakulla County and considering the court's
determination that the habeas petition was an improper attempt to raise post-conviction
claims that could and should have been raised in a timely Rule 3.850 motion.

denial of the petition to amend habeas corpus.  That motion for post-conviction relief, purportedly filed as an action under Florida Rule of Civil Procedure 1.540(b), alleged only that the trial court lacked jurisdiction to hear his violation of probation because the affidavit supporting the violation report was void in violation of laws governing notaries public.  Ex. PPP at 7-12.  That motion was also denied by the circuit court by order rendered June 25, 2013, stating "that any defect in the affidavit was technical in nature and did not deprive the court of jurisdiction."  Ex. QQQ.  The appeal of that order was affirmed.  Ex. RRR.

Thus, Petitioner failed to invoke one complete round of the State's established appellate review process of a properly filed motion alleging this claim, and he cannot now return to state court to properly exhaust his claim.  The State was not provided with the " 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."  Duncan, 513 U.S. 365 (quoting Picard, 404 U.S. at 275 (citation omitted)).  Petitioner failed to "fairly present" his claim in each appropriate state court in order to alert the state courts to the federal nature of the claim.  Duncan, 513 U.S. at 365-66; see also O'Sullivan, 526 U.S.at 845; Picard, 404 U.S. at 277-78.

Moreover, the claim is also not cognizable in this habeas proceeding.  The circuit court rejected the claim on state procedural grounds.  Federal

claims that are presented to the state courts but rejected on independent

and adequate state grounds are not cognizable in a § 2254 habeas

proceeding.  <u>Coleman v. Thompson</u>, 501 U.S. 722, 729 (1991).  The claim

was first raised in a petition for writ of habeas corpus, which was dismissed

without prejudice to being filed in the proper form in the proper court, and

because the court concluded that "an application for habeas corpus 'may

not be used to circumvent the time limitations for filing an appropriate

motion for postconviction relief.' "  Ex. CCC.  This dismissal was not a

determination on the merits, but was based on a well-recognized state

procedural bar.  This order of dismissal, dated February 6, 2014, was

affirmed by the state First District Court of Appeal on July 22, 2014.  Ex.

FFF.  He next raised this claim in a petition filed on March 22, 2012, which

the court treated as a successive Rule 3.850 motion, denying it as untimely

and procedurally barred under state law, and lacking any exception to

excuse the bar.  Ex. MMM.  The state circuit court dismissed the claim as

procedurally barred because it could have and should have been raised in

a Rule 3.850 motion, and to the extent petitioner's petition could be

construed as a Rule 3.850 motion, it was untimely and impermissibly

successive because Petitioner had already filed and had adjudicated two

Rule 3.850 motions, in 2009 and 2010.  *See* Ex. FF, JJ.

Florida Rule of Criminal Procedure 3.850 provides that successive motions filed under Rule 3.850 must be filed no more than two years after the judgment and sentence becomes final.  *See* Fla. R. Crim. P. 3.850(b). To raise new claims in a successive motion, the petitioner must show that the facts on which the claim is predicated were unknown to the movant or his attorney and could not have been ascertained by the exercise of due diligence, or the claim must be based on a fundamental constitutional right that was not established within the period provided for filing the motion, and that new constitutional rule has been held to apply retroactively, or that retained counsel failed to file a timely motion even though being requested to do so.  *See* Fla. R. Crim. P. 3.850(b)(1)-(3).  These state-mandated exceptions to the timely filing of this claim were not established in the state circuit court, nor has Petitioner established grounds in this Court to excuse the failure to exhaust this claim in the state courts.

The United States Supreme Court has held that presenting a claim to the state court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation.  *See* Castille v. Peoples, 489 U.S. 346, 351 (1989); *see also* Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir. 1994) (observing that state habeas petitioner who fails to raise a federal constitutional claim in state

court, or who attempts to raise it in a manner not permitted by state procedural rules is barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default).  To foreclose federal review, the state bar must be firmly established and regularly followed.  <u>Ford v. Georgia</u>, 498 U.S. 411, 423-24 (1991).

The limitations on the time for filing Rule 3.850 motions, the case law relative to successive Rule 3.850 motions, and precedent holding that a habeas petition may not be used to raise claims that could and should have been brought on direct appeal or in a Rule 3.850 motion are firmly established and regularly followed in Florida.  The Eleventh Circuit has concluded that the procedural requirements of Florida's Rule 3.850 constitute independent and adequate state grounds under applicable law. <u>LeCroy v. Sec'y, Fla. Dep't of Corr.</u>, 421 F.3d 1237, 1260 n.25 (11th Cir. 2005) (citing <u>Whiddon v. Dugger</u>, 894 F.2d 1266, 1267-68 (11th Cir. 1990)). Petitioner's habeas petition was dismissed in pertinent part for attempting to circumvent time limitations for filing Rule 3.850 motions.  Ex. CCC.  The state court's refusal to consider petitioner's claim as procedurally barred rested on independent and adequate state grounds that preclude federal habeas review.  *See* <u>Jennings v. McDonough</u>, 490 F.3d 1230, 1247-48 (11th Cir. 2007) (holding that state court's conclusion that petitioner's

claims were procedurally barred by Florida's rule against successive postconviction motions was a state law ground independent of the federal question and adequate to support the state court's judgment, thereby rendering the claims procedurally defaulted on federal habeas review).  To circumvent the state's procedural bar in a federal habeas proceeding, Petitioner must also demonstrate cause and prejudice or manifest miscarriage of justice.  *See, e.g.,* Dretke v. Haley, 541 U.S. 386, 392-93 (2004); McClesky, 499 U.S. at 494.

Petitioner has not alleged any facts to show why this claim was not raised in a properly filed Rule 3.850 motion and appealed to the state appellate court.  He has therefore failed to demonstrate cause for the default.  Even so, a federal court may grant a habeas petition on a procedurally defaulted claim without a showing of cause or prejudice if it is necessary to correct a fundamental miscarriage of justice.  Henderson, 353 F.3d at 892.  To demonstrate a "miscarriage of justice," Petitioner must show that a constitutional violation occurred and that it more likely than not resulted in a conviction of one who is actually innocent, which is a stronger showing than is necessary to establish prejudice.  *See* Schlup, 513 U.S. at 327.  This standard "thus ensures that petitioner's case is truly 'extraordinary.' " *Id.* (citing McCleskey, 499 U.S. at 494).

Petitioner alleges a miscarriage of justice and actual innocence in this claim, but has not alleged facts to support his conclusory allegation that the affidavit was withheld from him prior to entry of his plea to the charge of aggravated assault.  Thus, it is impossible for the Court to find a constitutional violation occurred.  For this reason alone, manifest injustice has not been shown.  Nor has Petitioner demonstrated that the alleged constitutional violation more likely than not resulted in the conviction of one who is actually innocent.  "[A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.  To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."  Schlup, 513 U.S. at 327.  In order to pass through the "gateway" through which a habeas petitioner must pass to have an otherwise barred constitutional claim considered on the merits, the evidence of actual innocence must be "so strong that a court cannot have confidence in the outcome of the trial."  Schlup, 513 U.S. at 315.  In a trial context, to meet the required showing of "actual innocence" as an element of manifest injustice, the petitioner must show new, reliable evidence that make it more likely than not that no reasonable juror would

have convicted him.  *See* <u>Johnson v. Alabama</u>, 256 F.3d 1156, 1171 (11th

Cir. 2001).  Petitioner did not go to trial but entered a plea instead.

Whether Keene would have testified at a trial in accord with her affidavit or

in accord with the allegations that first resulted in the charge is a matter of

conjecture.

Based on the foregoing, procedural default bars federal review of this

ground and Petitioner has not satisfied the required showing of cause for,

and prejudice from, the default or that manifest injustice excuses the

default.  Therefore, habeas relief on Ground 1 should be denied.

### Ground 2: Failure to Consider the Effect of a "No Information"

Petitioner's Ground 2 is stated in the § 2254 petition as follows:

The trial court disregarded the dismissal of the charge of
possession of a firearm by a convicted felon as a matter of law
(Volusia County charge) which subsequently formed the basis
for revoking Petitioner's probation; By dismissing Petitioner's
state habeas corpus by stating "The court is without jurisdiction
to review the legality of a conviction in another circuit," whereas
the trial court was the sentencing court, Petitioner does not
have a conviction in another circuit.

ECF No. 15 at 7.  Petitioner filed a petition for writ of habeas corpus in

Wakulla County on August 30, 2011, in case number 2011-253-CA.  Ex.

BBB.  The pertinent claim raised in the petition for writ of habeas corpus,

which was dismissed without prejudice, alleged that the sentencing court,

which revoked his probation and sentenced him to prison, abused its

discretion by allowing evidence of a new law violation that had been

dismissed by the filing of a "No Information" and by revoking his probation

based on that evidence.  Ex. BBB at 2-3.

The circuit court dismissed his petition for writ of habeas corpus

without prejudice, in pertinent part, for lack of jurisdiction because

Petitioner was not incarcerated in Wakulla County, and for improperly

circumventing the time limitations pertaining to Rule 3.850 motions.  Ex.

CCC.  The order also stated that the court did not have jurisdiction in the

habeas proceeding to review the legality of a conviction in another circuit.

Although Petitioner's convictions did arise from criminal cases in the

Second Judicial Circuit of Wakulla County, Florida, this latter statement by

the court did not nullify the court's separate determination that it had no

jurisdiction to entertain the habeas petition because Petitioner was not

incarcerated in that county.  *See, e.g.*, Alachua Reg'l Juvenile Detention

Ctr. v. T.O., 684 So. 2d 814, 816 (Fla. 1996).  Thus, the petition was

dismissed without prejudice.

Petitioner contends in this Court that the circuit court should not have

dismissed his petition for writ of habeas, Ex. CCC, and that both the

sentencing court in his revocation of probation hearing and the circuit court

in his habeas petition improperly disregarded the fact that a "No

Information" was filed as to the charge of possession of a firearm by a

convicted felon in Volusia County.  ECF No. 15 at 5-7.  He argues here that

since the new law violation cannot result in a conviction as a matter of law,

it cannot support a revocation of his probation.  *See* ECF No. 25 at 10.

The Respondent contends that the claim is unexhausted and

procedurally defaulted because Petitioner failed to raise the claim in a

properly filed Rule 3.850 motion.  ECF No. 22 at 33.  The record is not

clear when Petitioner first learned of the "No Information," but he referred to

it as early as February 2009, when he filed a petition for supersedeas bond

pending appeal.  Ex. X.  What appears to be an attachment to the petition

for supersedeas bond is an "Announcement of No Information" in case

number 2008-01917CFAWS, stating that the State "filed a No Information

or intent not to prosecute with respect to the following charge(s):

POSSESSION OF FIREARM BY CONVICTED FELON."  Ex. X

(attachment).

In his first Rule 3.850 motion filed December 29, 2009, Petitioner

raised an ineffective assistance of counsel claim contending that his trial

counsel at the revocation hearing was ineffective in "refus[ing] to mention

Volusia County disposed [of] the charge: possession of a firearm by a state

convicted felon and that Volusia County had filed a 'No information' or

intent to prosecuted due to search and seizure issues."  Ex. FF.  Before

that motion was ruled on, Petitioner raised the same claim of ineffective

assistance of counsel in his second Rule 3.850 motion filed on March 10,

2010.  Ex. JJ at 7.  In neither motion did Petitioner allege abuse of

discretion by the trial court in the revocation of probation for failure to

consider the "No Information" filed in Volusia County.  Both Rule 3.850

motions were summarily denied by orders rendered August 24, 2010.  Ex.

GG, OO.  The state First District Court of Appeal affirmed in case number

1D10-5243, without opinion, on January 31, 2012.  Ex. TT.

       In his pro se brief on appeal from denial of Rule 3.850 relief,

Petitioner raised not only the ineffective assistance of counsel claim he had

presented in both motions, but a claim contending that the sentencing court

abused its discretion in basing revocation of probation on evidence that had

been determined to be insufficient to support the criminal charge, citing the

filing of the "No Information" as to the charge of possession of a firearm by

a convicted felon.  Ex. RR at 13.  That claim, however, had not been raised

in the trial court in the Rule 3.850 motions.  A somewhat similar claim was

presented in a motion to correct illegal sentence filed pursuant to Florida

Rule of Criminal Procedure 3.800(b).[10]  Ex. HH.  That motion to correct

illegal sentence was summarily denied on the same date as the orders

denying Rule. 3.850 post-conviction relief.  Ex. II.  Even though Petitioner

presented the claim of trial court abuse of discretion in his motion to correct

illegal sentence, he failed to mention that motion in his appellate brief in

case number 1D10-5243 in which he timely appealed denial of Rule 3.850

relief.[11]  Thus, the record does not show that the claim was presented to

the state appellate court for adjudication.

The record reflects that Petitioner failed to give the state courts a

meaningful opportunity to address his federal claim, to the extent that his

claim raises a federal constitutional violation.  *See* <u>McNair</u>, 416 F.3d at 457.

To be exhausted, the claim must have been presented in each appropriate

state court to alert the state courts to the federal nature of the claim and

give the state the first chance to correct the constitutional violation.  *See*

<u>O'Sullivan</u>, 526 U.S. at 845.  Even though the claim was raised in the

petition for writ of habeas corpus, it was rejected on state procedural

grounds and not on the merits.  The claim was again raised in the "Petition

---

[10] In his Rule 3.800(b) motion, Petitioner claimed that his revocation of probation cannot be based on commission of new charges that were subsequently dismissed.

[11] *See* note 6 *supra* regarding three other appeals filed in September 2010, which were dismissed for technical reasons.  The record does not make clear whether Petitioner appealed the denial of his Rule 3.800 motion.

to Amend Habeas" filed March 22, 2012, in the criminal cases in Wakulla County, which was treated as a motion under Rule 3.850 and denied as untimely and procedurally barred. Ex. MMM. To the extent that a constitutional violation was alleged in the claim that the trial court abused its discretion in disregarding the "No Information," that claim was both dismissed and denied on state procedural grounds and are not cognizable in a federal § 2254 proceeding.

As discussed earlier, presenting a claim to the state court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation. The limitations on the time for filing Rule 3.850 motions, requirements for successive Rule 3.850 motions, and the requirement that a habeas petition may not be used to raise claims that could and should have been brought on direct appeal or in a Rule 3.850 motion are firmly established and regularly followed in Florida and constitute independent and adequate state grounds under applicable law. LeCroy, 421 F.3d at 1260 n.25. The state court's refusal to consider petitioner's claim as procedurally barred rested on independent and adequate state grounds that preclude federal habeas review. *See* Jennings, 490 F.3d at 1247-48. Petitioner has failed to establish cause for, and prejudice from, the federal and state procedural defaults and has failed

to demonstrate manifest injustice.  For these reasons, the claims should be denied.

Moreover, even if the claim is heard on the merits, relief should be denied.  If, as Petitioner alleged in his Rule 3.850 motions, trial counsel did not present the evidence of the "No Information" at the revocation hearing, Petitioner does not explain how the trial court could have abused its discretion in disregarding evidence that was not presented.  Conversely, to the extent that Petitioner's claim is based on an allegation or assumption that the trial court knew or should have known of the "No Information" and disregarded it in revoking his probation, such a claim could and should have been raised on direct appeal from his revocation of probation or in his Rule 3.850 motion.  *See* Meeks v. State, 382 So. 2d 673, 675 (Fla. 1980) (holding that claims that could have been raised on direct appeal are foreclosed from collateral review).  This claim of trial court abuse of discretion was not raised in the revocation proceeding or in the direct appeal from the revocation of probation, even though nothing in the record indicates that Petitioner was unaware of the "No Information" at the time of the revocation hearing.

Further, Petitioner erroneously contends in this claim that the revocation of his probation was based solely on commission of a new law

violation for which the "No Information" was filed.  The probation violation

report filed in both criminal cases for which he was on probation alleged

that Petitioner violated condition 4 of the conditions of his probation by

possessing the .45 caliber Sig firearm and the .38 caliber Smith and

Wesson firearm on May 22, 2008.  Ex. D.  This was the date that the

search was conducted and the firearms were found in the safe in a

Petitioner's home in a bedroom that Petitioner shared with his girlfriend.  A

separate violation was alleged of condition 5 of the conditions of probation

based on Petitioner's arrest on May 22, 2008, for failing to live and remain

at liberty without violating any law by commission of the offense of

possessing the firearms on that date.  Ex. D.  The trial court did not, as

Petitioner alleges, revoke his probation solely on the basis of the fact that

he was arrested on a new law charge for possessing the firearms.  *See* Ex.

F, P.

     Moreover, the "No Information" in Petitioner's case did not indicate

that the State lacked evidence or that Petitioner was innocent—only that

the State chose not to file an information.  *See* <u>Foraker v. State</u>, 731 So. 2d

110 (Fla. 5th DCA 1999) (rejecting argument that the "no information" filed

in the case should be admissible as evidence of innocence).  The court in

<u>Foraker</u> explained that whether the state in its discretion feels it can

prosecute involves many factors "quite irrelevant to the truth or innocence of the alleged perpetrator." *Id.* at 110.  Because the "No information" filed in Petitioner's case did not negate the fact that he was arrested and did not negate the finding that he violated condition 4 of his probation by possessing firearms on the day of the search, his claim that the trial court abused its discretion in disregarding the "No Information" and should not have revoked his probation is without merit.  All that is necessary to justify revocation of probation is evidence sufficient to satisfy the "conscience of the court."  Evans v. State, 427 So. 2d 1082 (Fla. 1st DCA 1983).  It is not necessary to provide evidence sufficient to support a criminal conviction. Cuciak v. State, 410 So. 2d 916, 918 (Fla. 1982) (explaining that there is a clear distinction between a criminal trial and a revocation of probation proceeding, where there is a lesser burden of proof because "only the conscience of the court must be satisfied").  The trial court was convinced by the evidence that Petitioner possessed firearms on the day they were found in the safe and that revocation of his probation was proper, and the appellate court affirmed.

Based on the foregoing, Petitioner has not shown that the state court's rejection of this ground was contrary to, or involving an unreasonable application of, clearly established United States precedent as

determined by the Supreme Court, or that it was an unreasonable determination of the facts in light of the state court record.  This ground should be denied.

## Ground 3: Illegal Search and Seizure of Firearms

Petitioner contends in this claim that the search and seizure of two firearms from the safe in the room in his home that he shared with his girlfriend was illegal.  He argues that his probation should not have been revoked based on possession of the firearms because law enforcement helped conduct the warrantless search, which turned an administrative search into an improper warrantless investigatory search.  ECF No. 15 at 9.

Petitioner's probation officer Ernesto Rowe testified at the probation violation hearing that after receiving a tip that Petitioner was seen holding a handgun in photographs on MySpace, and after confirming the existence of the photographs, he requested that a search be conducted of Petitioner's home.  Ex. E at 156-58.  After the firearms were found, a violation of probation report was filed.

Department of Corrections supervising probation officer Christopher Groves testified that he conducted the warrantless search of the bedroom that, according to Groves, Petitioner and his girlfriend both said was his.  Ex. E at 12.  Officer Groves found a Smith and Wesson .38 caliber silver

handgun and a Sigarms .45 caliber handgun in the safe located in the

bedroom, along with Petitioner's drivers license and Department of

Corrections inmate ID card.  Ex. E at 167.  Officer Groves testified that the

photographs which prompted the search were taken in Petitioner's house

where the guns were found, and would have been taken during Petitioner's

probation because Petitioner moved into that house while on probation.  He

testified that the same air conditioner and electric cord pictured in the

photographs were seen and photographed in Petitioner's house on the day

of the search.  Groves identified the photographs of the air conditioner

taken in the residence on the day of the search.  Ex. E at 164-65.

Petitioner testified at the violation hearing that he did not sleep in the

bedroom where the safe was located and that the safe and the guns were

not his, but belonged to his girlfriend.  Ex. E at 196-97.  He testified that his

girlfriend must have put his identification cards in the safe when she

packed his things and moved them, and that she told him she had two guns

in the safe and was going to give them to her cousin.  Ex. E at 197.

Petitioner testified that the drivers license in the safe was an old one, and

that he carried his current one in his wallet.  Ex. E at 203.  He testified that

the photographs posted on MySpace were older photographs and that

someone "had gotten ahold of my account," Ex. E at 200, and that the guns

in the photographs were not the guns in the safe.  Petitioner presented the

testimony of the other individual in the photographs, Michael Comparetto,

who also said the guns shown in the safe were not the same guns he and

Petitioner were holding in the photographs from MySpace.  Ex. E at 187.

He said the photographs were taken in 2003, not while Petitioner was on

probation, and that the guns shown in the photographs had been

confiscated by police.  Ex. 187-88.

    The circuit court ruled at the conclusion of the evidence as follows:

> All right.  At this time the Court would find by the greater
> weight of the evidence, the credible evidence in this case,
> disregarding the non-credible evidence presented by the
> defendant, and upon the credible evidence by the greater
> weight, the defendant has violated his probation conditions four
> and five by violations willful as well as substantial and that the
> defendant having violated his probation, the defendant's
> probation will be revoked.

Ex. E at 207.

    Petitioner contends in his memorandum of law filed with his third

amended § 2254 petition that only his probation officer, Ernesto Rowe, was

authorized to make an administrative warrantless search, but in this case

the search was conducted by Christopher Groves, a senior probation

officer who works with Ernesto Rowe in the Deland area.  Ex. E at 160.

Petitioner also contends Groves was helped by "law enforcement," which

converted the permissible administrative search into an impermissible warrantless investigatory search.  Ex. 15 at 32.

In response, Respondent argues that the claim is unexhausted and procedurally defaulted because it was not raised on direct appeal or in a properly filed motion for post-conviction relief, citing Petitioner's third amended § 2254 petition in which Petitioner indicates the ground was raised in his petition for habeas corpus.  *See* ECF No. 15 at 9.  Respondent argues that the procedural default has not been excused by a showing of cause for, and prejudice from, the default, or by a fundamental miscarriage of justice.  ECF No. 15 at 44-45.

This claim of illegal search was not raised at the probation revocation hearing and was therefore not raised in the direct appeal from that proceeding.  A claim of ineffective assistance of counsel based on counsel's failure to object to the search was raised in Petitioner's first motion for post-conviction relief filed December 29, 2009, in which Petitioner alleged that trial counsel failed to raise the issue of the warrantless search.  Ex. FF.  The issue of the warrantless search was raised again in the second Rule 3.850 motion in the context of an ineffective assistance of counsel claim.  Ex. JJ at 13.  The claim challenging the legality of the search as a stand-alone ground to reverse

his revocation of probation was not raised until the filing of the first petition for writ of habeas corpus.  Ex. BBB at 9.  That petition was dismissed without prejudice for lack of jurisdiction and for raising claims that should have been raised in a properly filed Rule 3.850 motion.  Ex. CCC.  That dismissal on procedural grounds was affirmed on appeal.  Ex. FFF.  The same claim was raised again in Petitioners second petition for habeas corpus.  Ex. LLL at 16.  The second petition was treated as a successive Rule 3.850 motion and denied as untimely and procedurally barred.  Ex. MMM.  Petitioner did not appeal this ruling.  Ex. OOO (amended notice of appeal).

As discussed above, presenting a claim to the state court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation.  A state habeas petitioner who attempts to raise a federal claim in state court in a manner not permitted by state procedural rules is barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default.  *See* Castille, 489 U.S. at 351; Alderman, 22 F.3d at 1549.  To foreclose federal review, the state bar must be firmly established and regularly followed.  Ford, 498 U.S. at 423-24.  The limitations on the time for filing Rule 3.850 motions and the case law regarding the requirements

for successive Rule 3.850 motions  are firmly established and regularly followed in Florida.  The Eleventh Circuit has concluded that the procedural requirements of Florida's Rule 3.850 constitute independent and adequate state grounds under applicable law.  <u>LeCroy</u>, 421 F.3d at 1260 n.25 (11th Cir. 2005).  Petitioner's habeas petition was dismissed in pertinent part for attempting to circumvent time limitations for filing Rule 3.850 motions.  Ex. CCC.

The state court's refusal to consider petitioner's claim rested on independent and adequate state procedural grounds that preclude federal habeas review.  *See* <u>Jennings</u>, 490 F.3d at 1247-48 (holding that state procedural bar against successive postconviction motions was a state law ground independent of the federal question and adequate to support the state court's refusal to consider claim, thereby rendering the claims procedurally defaulted on federal habeas review).  To circumvent the state's procedural bar in a federal habeas proceeding, Petitioner must demonstrate cause and prejudice or manifest miscarriage of justice.  *See, e.g.,* <u>Dretke</u>, 541 U.S. at 392-93; <u>McClesky</u>, 499 U.S. at 494.  Petitioner has not demonstrated cause and prejudice, or manifest injustice, in this case.

Notwithstanding procedural default, Petitioner's claim lacks merit.
Petitioner's claim appears to rely on the fact that Officer Groves, the
probation supervisor, was accompanied by several deputies, one of whom
was a firearms expert.  Officer Groves testified that "the deputy who was
helping me identify [one of three guns] said it was a toy, so I paid no
attention."  Ex. E at 177.  He explained further why he was accompanied by
deputies:

> A  It's called officer safety.  It's something we practice
> whenever guns are handled.  We have - - one of the deputies
> there was an expert.  He took a pistol expert class for the
> sheriff's office.  And I let him clear the guns and take inventory
> of the pistol.  We did not inventory a toy pistol because it's not
> something we were going to be seizing.  So, yes, I did not touch
> the gun, or the toy pistol.

Ex. E at 177.  Even though Groves was accompanied by several deputies
for safety reasons, which were apparent based on the fact that the search
was for illegally possessed firearms, he testified that he conducted the
search himself.  *See* Ex. E at 10-11.  He was the one given the keys to
open the safe because, as he said, "I wanted to be the one that opened up
the safe."  Ex. E at 168.

Petitioner contends that the firearms found in the search in this case
were subject to exclusion from evidence because probation supervisor
Groves was, in effect, acting in concert with "law enforcement" in the form

of several deputies, thereby rendering the search investigatory and not administrative.  The evidence at the probation revocation hearing refutes this claim.  Moreover, the Eleventh Circuit has explained that the "stalking horse" theory—that probation officers used the permissible administrative search of his residence to allow law enforcement officers to circumvent Fourth Amendment requirements in obtaining evidence for prosecution—is not a recognized theory for a supervised releasee to allege a violation of his Fourth Amendment.  *See* United States v. Harris, 635 F. App'x 760, 766 (11th Cir. 2015) (not published in Federal Reporter).  Officers need no more than a reasonable suspicion to search a probationer's home when the probationer is subject to a search condition.  *Id.* (citing United States v. Knights, 534 U.S. 112, 121 (2001)).  Reasonable suspicion was established in this case and the search was not an illegal attempt to act in concert with law enforcement to circumvent Fourth Amendment requirements.  The firearms were seized in an administrative search and admitted into evidence at Petitioner's revocation of probation hearing solely for that purpose.

For the foregoing reasons, Petitioner has not shown that that state court's rejection of this ground was contrary to, or involving an unreasonable application of, clearly established United States precedent as

determined by the Supreme Court, or that it was an unreasonable determination of the facts in light of the state court record. Ground 3 should be denied.

## Ground 4: Ineffective Assistance of Counsel

In Ground 4, Petitioner contends that trial counsel rendered ineffective assistance (IAC) at the probation revocation hearing by (A) allowing photographs to be introduced that were not part of Petitioner's discovery; (B) allowing photographs of the firearms seized from the safe without a warrant or consent; (C) failing to object to the prosecutor's inflammatory remarks; and (D) failing to reveal the malicious and biased intent of his probation officer who filed violation of probation charges on him but not on the other person also holding a firearm in the photographs, where both were on probation. ECF No. 15 at 11. Petitioner states only that he raised these claims in state court in the petition for writ of habeas corpus that was dismissed without prejudice by the circuit court. ECF No. 15 at 11.

Respondent contends Ground 4 raises claims that are unexhausted and that as to the photographs of the firearms, the claim is unexhausted because Petitioner does not refer to "photos" in his state habeas petition. In Ground 4, Petitioner alleges ineffective assistance of counsel in failing to

object to photographs of the firearms obtained in what Petitioner contends

was an illegal search.  *See* ECF No. 22 at 48.  One of these contentions—

ineffective assistance of counsel in failing to object to evidence of the

firearms seized from the safe—was also raised in Petitioner's first and

second Rule 3.850 motions, was adjudicated on the merits, and

unsuccessfully appealed.[12]  His claims in Rule 3.850 motions in the state

---

[12] Petitioner's first Rule 3.850 motion made the following claims: (1) IAC for failing to mention the "No Information" as to the charge of possession of a firearm by a convicted felon; (2) IAC in failing to object to (unidentified) evidence not provided in discovery; (3) IAC in failing to object to the warrantless search conducted without consent; (4) IAC by allowing the prosecutor to refer to charges beyond the statute of limitations at sentencing; (5) the arrest affidavit of Officer Groves is false and misleading and his earlier statement was false that he found the key to the safe; and (6) IAC by failing to object to the comments of the prosecutor.  Ex. FF (unnumbered pages).  This motion was denied on the merits.  Ex. GG.

Petitioner's second amended Rule 3.850 motion raised claims of ineffective assistance of counsel by: (1) failing to move to suppress all evidence due to lack of Miranda warnings; (2) failing to present exculpatory evidence of the "No Information" filed in Volusia County; (3) failing to move for dismissal of charges due to the circumstantial nature of evidence; (4) failing to request a Richardson hearing regarding Christopher Groves' statement; (5) failing to impeach a witness for inconsistent statements; (6) failing to properly advise Petitioner as to a plea concerning the maximum sentence exposure; (7) failing to object to improper photographic evidence without chain of custody; (8) failing to object to inflammatory remarks; (9) failing to object to photographs from the MySpace website that were not provided in discovery and where no chain of custody was provided; (10) failing to move to suppress evidence erroneously obtained in the warrantless search of the safe; (11) failing to reveal the malicious intent of the probation officer; and (12) failing to investigate the claim that the photographs were taken somewhere other than Petitioner's residence.  Ex. JJ at 2-14.  This second Rule 3.850 motion was also denied on the merits on the same day as the first motion was denied.  Ex. OO.

Petitioner appealed and, in a pro se brief, raised the following points of error: (a) the circuit court abused its discretion by basing revocation on a charge for which a "No Information" had been filed; (b) IAC in failing to move to suppress evidence of firearms taken from the safe in the warrantless search; (c) IAC in failing to effectively argue the significance of the "No Information"; (d) the search of the safe was in violation of the

courts sufficiently and fairly presented the issue of counsel's failure to object to evidence of the firearms. Thus, although his claims are not consistently pled, Petitioner did raise and have adjudicated on the merits in both the state circuit court and the state appellate court one of the claims he now presents in support of Ground 4—that trial counsel was ineffective in not objecting to the evidence of firearms seized from the safe without a warrant. His other claims in support of this ground were not fairly presented to each appropriate court for determination of the federal claim, or were presented in later petitions that were rejected on state procedural grounds as discussed above in grounds 1 through 3, and are therefore unexhausted and procedurally defaulted.

The evidence of the guns found in the safe was presented by way of photographs of the firearms found in the search and by Officer Groves' testimony to finding the two firearms in the safe. Ex. E at 30. Petitioner's contention that trial counsel was ineffective in failing to object to this evidence because the search was illegal is without merit. As discussed in Ground 3 above, the administrative search, a condition of Petitioner's probation that he concedes was proper, was conducted by a probation

---

Fourth Amendment because the officers did not have a warrant, consent, or reasonable suspicion; and (e) the evidence was insufficient to support revocation because it did not prove constructive possession. Ex. RR. The state appellate court affirmed. Ex. TT.

supervisor.  The fact that the officer brought deputies with him for reasons of safety and to examine the firearms did not convert that search to an illegal warrantless investigatory search.  Further, as discussed above, the "stalking horse" theory—that probation officers used the permissible administrative search of his residence to allow law enforcement officers to circumvent Fourth Amendment requirements in obtaining evidence for prosecution—is not a recognized theory for a supervised releasee to allege a violation of his Fourth Amendment.  *See* Harris, 635 F. App'x at 766. Officers need only a reasonable suspicion to search a probationer's home when the probationer is subject to a search condition.  *Id.* (citing Knights, 534 U.S.at 121.  Reasonable suspicion was established in this case and the search was not an illegal attempt to act in concert with law enforcement to circumvent Fourth Amendment requirements.  Trial counsel was not ineffective in failing to object to evidence of the firearms because they were seized in an administrative search and admitted into evidence at Petitioner's revocation of probation hearing solely for that purpose.

The state circuit court rejected Petitioner's claim that trial counsel was ineffective in failing to object to the evidence of the firearms found in the safe.  *See* Ex. GG, OO.  On appeal from denial of post-conviction relief, the state appellate court rejected Petitioner's claim that trial counsel was

ineffective in failing to object to evidence of the firearms found in the safe. *See* Ex. TT.  For this Court's purposes, "[t]he question 'is not whether a federal court believes the state court's determination' under the <u>Strickland</u> standard 'was incorrect but whether that determination was unreasonable—a substantially higher threshold.' "  <u>Knowles</u>, 556 U.S. at 123 (quoting <u>Schriro</u>, 550 U.S. at 473).  "And, because the <u>Strickland</u> standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." <u>Knowles</u>, 556 U.S. at 123.  A "doubly deferential judicial review . . . applies to a <u>Strickland</u> claim evaluated under the § 2254(d)(1) standard."  *Id.*

For the foregoing reasons, Petitioner has not shown that that state court's rejection of this ground was contrary to, or involving an unreasonable application of, clearly established United States precedent as determined by the Supreme Court, or that it was an unreasonable determination of the facts in light of the state court record.  Ground 4 should be denied.

## <u>Conclusion</u>

Based on the foregoing, Petitioner Daniel Marion is not entitled to federal habeas relief.  Accordingly, the third amended § 2254 petition (ECF No. 15) should be denied.

## <u>Certificate of Appealability</u>

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  The parties shall make any argument as to whether a certificate should issue by objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is

filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that the Court **DENY** the third amended § 2254 petition (ECF No. 15).  It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on January 3, 2017.


**S/ Charles A. Stampelos__**
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**